**Wayne SMITH, Individually and d/b/a Wayne's Restaurant, Petitioner,**

v.

**COMMERCIAL EQUIPMENT LEASING CO., Respondent.**

No. C–3328.

Supreme Court of Texas.

Oct. 17, 1984.

Rehearing Denied Nov. 14, 1984.

Werner A. Gohmert, Alice, for petitioner.

Chilton Maverick, San Antonio, for respondent.

PER CURIAM.

This is an appeal from a default judgment rendered in favor of Commercial Equipment Leasing Company on February 7, 1983. Smith, the defendant, brought a suit in the nature of a bill of review to set aside the default judgment. The trial court denied this relief on July 5, 1983. Smith appealed the bill of review and appealed the original default judgment by petition for writ of error. The San Antonio court of appeals consolidated these appeals, denied the petition for writ of error, and affirmed the trial court's denial of the bill of review in an unpublished opinion. Pursuant to Tex.R.Civ.P. 483, we grant Smith's application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals.

Citation was served on Smith by the district clerk by certified mail, return receipt requested. The return receipt was signed by Smith, and it is undisputed that he received the process. The citation contains the following sentence:

> This citation may be served by the sheriff or constable of any county in the State of Texas in which the party to be served is found, and he shall deliver to the above named party, in person, a true copy of this citation with the date of delivery endorsed thereon.

No other method of service is mentioned in the citation.

Rule 106(a) states that *"[u]nless the citation or an order of the court otherwise directs,* the citation shall be served by any officer authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation ... or (2) mailing to the

defendant by ... certified mail ... return receipt requested, a true copy of the citation ..." (emphasis added). The question thus presented is whether the quoted sentence from the citation foreclosed any other method of service by directing the proper manner.

■ The settled rule in this state is that the manner of service must strictly comply with the rules. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965). The language of this citation has a potential to mislead a defendant to believe that delivery of the citation in person is required, and will subsequently occur. In order to uphold this citation and service, the sentence in the citation would have to be viewed as merely naming one permissive method, but not necessarily directing that manner. Because of the conspicuous omission in the citation of any other allowable method of service, such a construction is strained, and the clause is, at best, ambiguous. Due to the strong policy considerations behind the strict scrutiny of personal service, we hold that the manner of service conflicted with the terms of the citation, and therefore with Rule 106(a).

We conclude that the court of appeals' decision conflicts with Rule 106(a), and pursuant to Tex.R.Civ.P. 483 we reverse the court of appeals' denial of the petition for writ of error without hearing oral argument, and hold the default judgment of February 7, 1983 void. We therefore find it unnecessary to consider the bill of review. We remand the cause for trial, and in accordance with Tex.R.Civ.P. 123, the defendant shall be presumed to have entered his appearance, thus making further service of citation unnecessary.