**Felipe ARREDONDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 6–92–020–CV.

Court of Appeals of Texas,
Texarkana.

Dec. 22, 1992.

Mark J. Calabria, Calabria & Calabria, Kaufman, for appellant.

Neal Birmingham, Dist. Atty., Linden, for the State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

Felipe Arredondo appeals from a default judgment rendered in favor of the State in a forfeiture proceeding.

Arredondo claims that the trial court erred in rendering a default judgment against him (1) because it does not appear on the face of the record that he was served with a certified copy of the notice of seizure and intended forfeiture as required by statute, (2) because the citation served on Arredondo fails to give adequate notice, and (3) because the findings contained in the decree of forfeiture are not supported by the original notice of forfeiture.

On October 2, 1991, Arredondo was a passenger in a car driven by Ignacio Alcorta, Jr. While traveling north on U.S. Highway 59 near Atlanta, Texas, they were pulled over by Officer Kevin McCasland of the Texas Department of Public Safety, who stopped the vehicle after his radar indicated that the car was exceeding the speed limit. Officer McCasland became suspicious when Arredondo and Alcorta gave different answers to the question of where they were going, and a routine check revealed that both occupants of the vehicle had criminal records. Officer McCasland then asked for permission to search the vehicle and, after Alcorta opened the trunk for him, McCasland reached into a tool compartment and pulled out a blue bank bag containing $13,082. Officer McCasland asked to whom the money belonged, and Arredondo claimed ownership.

Arredondo and Alcorta were then taken to the Cass County Sheriff's Office, where they were questioned concerning the origin of the money. The police returned $82 to Arredondo and kept the remaining $13,000.

On November 5, 1991, citation was delivered by registered mail along with a copy of the notice of intent to forfeit. The citation was addressed to "Felipe E. Arrendondo" (sic), and the return receipt was signed by "Felipe E. Arredondo, Jr." Arredondo did not file an answer, and a default judgment was taken on December 2, 1991. Arredondo then filed a motion for a new trial,

which was denied after a hearing on January 3, 1992. After learning that no record was made of the default judgment proceeding, the trial court granted a new trial on February 10, 1992. The State's motion to set aside the order granting a new trial was then granted on February 13, 1992.

Arredondo's first contention on appeal is that the trial court erred in rendering a default judgment against him because it does not appear on the face of the record that he was served with a *certified* copy of the notice of seizure and intended forfeiture as required by TEX.CODE CRIM.PROC. ANN. art 59.04(b) (Vernon Supp.1992). That provision specifically requires that "[t]he attorney representing the state shall cause certified copies of the notice to be served on ... the owner of the property."

■ The State argues that the burden of proof was on Arredondo to prove at the hearing on the motion for new trial that the notice was not certified. However, there is clear precedent in Texas in which the courts have held that when a default judgment is directly attacked there is no presumption in favor of valid issuance, service, and return of citation. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884 (Tex.1985). Therefore, if the State did not affirmatively show in the trial court that a copy of the certified notice of intent to forfeit was served on Arredondo as required by Article 59.04(b), then the default judgment must be overturned. *Uvalde Country Club*, 690 S.W.2d at 885.

■ The State contends that the record does affirmatively demonstrate proper service in that the notice of seizure and intent to forfeit itself prays that the "persons named herein as being entitled to notice be served with certified copies of this petition." According to the State, it should be presumed that the district court clerk complied with the request to have certified copies served on Arredondo. But, as explained above, no presumptions exist in favor of valid service in a direct attack on a default judgment. The record is simply void of any affirmative proof that Arredondo was served with certified copies of the notice, and there is no suggestion that the

record does not accurately reveal what was presented to the trial court.

The State further claims that Arredondo could have proven a lack of citation at the hearing for a motion on a new trial. It is well settled, however, that a failure of service can be raised for the first time on appeal. *Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex.App.—Texarkana 1988, no writ). Therefore, Arredondo's failure to raise the issue in the hearing below is not relevant to our analysis. Furthermore, once again, it was not Arredondo's burden to disprove that certified copies of the notice were sent to him; rather, it was the State's burden to show that Arredondo was served with a certified copy of the notice of seizure and intent to forfeit. Valid service is not presumed. *Uvalde Country Club*, 690 S.W.2d 884.

The record is void of proof that the State delivered a certified copy of the notice of seizure and intent to forfeit to Felipe Arredondo as specifically required by TEX.CODE CRIM.PROC.ANN. art. 59.04(b). We therefore sustain Arredondo's first point of error.

■ Arredondo next contends that the citation fails to comply with Rule 106(a) of the Texas Rules of Civil Procedure. That rule states that "[u]nless the citation or an order of the court otherwise directs, the citation shall be served by any [authorized person]" (1) by in-person delivery to the defendant or (2) by certified mail. Here the citation served on Arredondo directs only that it be delivered in-person to Arredondo. In fact, the citation is headed "Citation for Personal Service."

In *Smith v. Commercial Equipment Leasing Co.*, 678 S.W.2d 917 (Tex.1984), the Supreme Court held that a citation was invalid because it was delivered by certified mail but only mentioned personal service. Although the language used in the citation in this case differs to some degree from the language of the citation in *Smith*, the end effect is still the same. The defendant in each case received by certified mail a citation that directed delivery by personal service only. In *Smith*, the Supreme Court said that such a mistake in a citation has

the potential to mislead a defendant into believing that delivery of the citation in-person was required and therefore he or she need not make an answer until they are actually personally served. Under these circumstances, the Supreme Court reversed the entry of default judgment. *See also,* *National Sur. Corp. v. Anderson,* 809 S.W.2d 313, 316 (Tex.App.—Houston [1st Dist.] 1991, no writ). We therefore sustain Arredondo's second point of error.

Since we find that the citation served on Arredondo was invalid, we do not reach Arredondo's third point of error regarding the inconsistency between the State's pleadings and trial court's decree.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.