Affirmed and Memorandum Opinion filed May 24, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00085-CV

___________________

 

FIDEL ALMENDAREZ, Appellant

 

V.

 

ROY VALENTIN, Appellee



 



 

On
Appeal from the 125th District Court

Harris County,
Texas



Trial Court Cause No. 2008-41003

 



 

 

MEMORANDUM  OPINION

            This is an appeal from a post-answer default judgment
in a suit in which both appellant Fidel Almendarez and appellee Roy Valentin
alleged breach of the parties’ commercial lease agreement.  Almendarez raises a
single issue complaining that he was denied an opportunity to be heard.  We
affirm the trial court’s judgment.

BACKGROUND AND PROCEDURAL POSTURE

            This case was set
for a jury trial during the two-week docket beginning October 26, 2009.[1]  Our record
contains the trial court’s July 29, 2009 notices and the trial court’s August
24, 2009, trial preparation order, which were sent to counsel for both parties. 
The trial preparation order advised that failure to attend docket call would
result in dismissal of the case and again advised that trial was set for the
two-week period beginning October 26.  The parties were then advised that trial
would commence October 28, at 1:30 p.m.  That morning, Almendarez’s counsel
appeared and requested a continuance, citing illness and informing the court that
he had lost his voice.  The court granted a short continuance until the week of
November 9, 2009.  On October 29, 2009, the trial court mailed a written notice
advising the parties that trial was set November 9, 2009, at 1:30 p.m.

            On Monday,
November 9, 2009, Almendarez and his counsel did not appear for trial.  Almendarez’s
counsel acknowledged that the trial court called his office inquiring about his
absence and advising that the court was ready to proceed with trial.  Almendarez’s
counsel’s office relayed the message to him while he was at the eye doctor. 
Counsel did not return the call to the court, but instead instructed his office
to inform the court that he was at the eye doctor and his eyes were dilated.  When
neither Almendarez nor his counsel appeared, the court dismissed Almendarez’s
claims for want of prosecution.  Valentin moved for a default judgment on his
counterclaim.  After a hearing, the trial court signed a final default judgment
awarding Valentin damages in the amount of $44,740.53, plus attorney’s fees,
costs, and interest.  

On November 12, 2009, Almendarez’s counsel filed a
motion to set aside the default judgment, in which counsel asserted that he had
been very ill and he was not aware of the rescheduled trial date.  He also
filed a motion for new trial raising the same arguments.  Valentin responded to
the motions.  Included in the response was a transcript from another court
hearing that Almendarez’s counsel participated in on November 9, 2009.  In
addition, Valentin’s counsel provided an affidavit stating that he had observed
Almendarez’s counsel in a hearing on Friday, November 6, before the Monday trial
setting.  He averred that Almendarez’s counsel did not appear ill and his voice
was strong.  Valentin also provided an affidavit from the court coordinator
stating that she both called each attorney and mailed a notice informing them
that the case was re-set to November 9, 2009, at 1:30 p.m.  At docket call on
October 19, she had advised counsel for both parties to check the court’s
docket on its webpage for updates on the status of the start time for trial.  Valentin’s
counsel averred that the website posted the trial date well in advance of
November 9.  We have no record of a hearing on Almendarez’s motion for new
trial.  The trial court denied both the motion to set aside the default
judgment and motion for new trial by a signed order on November 30, 2009.  Almendarez
filed a timely notice of appeal.  

Briefing DEFICIENCIES

Texas Rule of Appellate Procedure 38.1(i) requires
that an appellant’s brief “contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.”
 Tex. R. App. P. 38.1(i).  To comply, an appellant must provide a discussion of
the facts and authorities relied upon necessary to a resolution of the issues raised
in the brief.  Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106
S.W.3d 118, 129 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  

Issues on appeal are waived if an appellant fails to
support his contentions with citations to appropriate authority.  Abelnour
v. Mid Nat'l Holdings, Inc., 190 S.W.3d 237, 241 (Tex. App.—Houston [1st
Dist.] 2006, no pet); see also Lundy v. Masson, 260 S.W.3d 482, 503
(Tex. App.—Houston [14th Dist.] 2008, pet. denied) (concluding that appellant
failed to provide argument or cite authority for contentions on appeal and
appellate court was “not required to do the job of the advocate”).  An
appellate court has no duty or right to perform an independent review of the
record and applicable law to determine whether there was error.  Valadez v.
Avitia, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).  

We are to construe briefing rules liberally.  See Tex.
R. App. P. 38.9.  Appellate briefs are to be construed reasonably so as to
preserve the right to appellate review.  El Paso Nat. Gas v. Minco Oil &
Gas, Inc., 8 S.W.3d 309, 316 (Tex. 1999).  Nevertheless, substantial
compliance with the rules is required.  Harkins v. Dever Nursing Home,
999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.], 1999, no pet.).  Failure
to substantially comply with the requirements of Texas Rule of Appellate
Procedure 38 results in waiver of the issues on appeal.  Valadez, 238
S.W.3d at 845.  In particular, failure to cite legal authority or provide
substantive analysis of the legal issue presented results in waiver of the
complaint.  San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex.
App.—Houston [14th Dist.] 2005, no pet.) (holding that parties asserting error
on appeal must put forth some specific argument and analysis showing that the
record and the law support their contentions).

“A court of appeals must not affirm or reverse a
judgment or dismiss an appeal for formal defects or irregularities in appellate
procedure without allowing a reasonable time to correct or amend the defects or
irregularities.”  Tex. R. App. P. 44.3.  A reasonable time is given to an
appellant when he is provided with an opportunity to amend his brief.  See Fredonia
State Bank v. General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994).

ANALYSIS

Almendarez’s first brief in this appeal failed to
comply with the Texas Rules of Appellate Procedure.  In particular, the brief
failed to contain citations to the record.  See Tex. R. App. P.
38.1(g),(i).  In addition, Almendarez’s citations to authority were to the
federal rules of procedure and cases applying those rules.  Even though
Almendarez amended his brief in response to this court’s order advising him the
original brief was defective, his amended brief also fails to include citations
to the record.  See Tex. R. App. P. 38.1(g),(i).  Moreover, the brief
contains statements concerning matters outside the record.  

Almendarez raises a single issue on appeal.  He asks
“[w]hether the district judge erred on the side of justice, by denying
appellant fundamental fairness in the pursuit of justice and his day in court
to present his case before a jury.”  He then complains that the default
judgment is void because the trial court lacked jurisdiction.  He also asserts
that counsel was not informed of the date and time of the rescheduled jury
trial.  “The statement of an issue or point will be treated as covering every
subsidiary question that is fairly included.”  Tex. R. App. P. 38.1(f). 
Because counsel has alluded to a question of notice, we may treat the issue as
attacking the default judgment based on lack of notice.  Importantly, however,
Almendarez has completely failed to address the law applicable to our review of
the judgment in this case.  

A. Dismissal for Want of Prosecution

Almendarez has not challenged the dismissal of his
claims for want of prosecution, either in this court or in the court below. 
Even though he acknowledges that he was aware of the dismissal the following
day, he did not file a motion to reinstate.  See Tex. R. Civ. P.
165a(3).  Therefore, any error in the trial court’s dismissal of Almendarez’s
claims was not preserved.  See Andrews v. ABJ Adjusters, Inc., 800
S.W.2d 567, 569 (Tex. App.— Houston [14th Dist.] 1990, writ denied) (holding
that, in the absence of a proper motion to reinstate, a challenge to a dismissal
for want of prosecution is not preserved).  

B. Default Judgment

The well-established test for determining whether a
default judgment should be set aside and a new trial ordered is set forth in Craddock
v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939).  A
default judgment should be set aside and a new trial granted when the
defaulting party establishes that: (1) the failure to appear was not
intentional or the result of conscious indifference, but was the result of an
accident or mistake; (2) the motion for new trial sets up a meritorious
defense; and (3) granting the motion will occasion no delay or otherwise injure
the plaintiff.  Id.  The Craddock requirements apply to
post-answer default judgments.  Ivy v. Carrell, 407 S.W.2d 212, 213
(Tex. 1966).  A post-answer default judgment occurs when a defendant who has
answered fails to appear for trial.  Stoner v. Thompson, 578 S.W.2d 679,
682 (Tex. 1979).

A trial court’s decision on a motion for new trial is
reviewed for an abuse of discretion.  Cliff v. Huggins, 724 S.W.2d 778,
778 (Tex. 1987).  A trial court abuses its discretion in failing to grant a new
trial if the Craddock elements are met.  Old Republic Ins. Co. v.
Scott, 873 S.W.2d 381, 382 (Tex. 1994). 

Almendarez completely failed to address the Craddock
standard for setting aside a default judgment and granting a new trial.  Many
of Almendarez’s citations to authority are to the federal rules of procedure
and cases applying those rules.  See, e.g., Fed. R. Civ. P. 55(a)
(addressing default judgments in federal court); Williams v. New Orleans
Public Serv., Inc., 728 F.2d 730, 735 (5th Cir. 1984) (affirming default
judgment based on pattern of neglect).[2]
 

            Almendarez’s
assertion that the trial court lacked jurisdiction is without merit.  He
asserts that a judgment is void where there has not been proper service of
citation.  See Smith v. Commercial Equip. Leasing Co., 678 S.W.2d 917,
918 (Tex. 1984).  There is no assertion that citation was not served properly
in this case.  Almendarez, the petitioner, filed an answer to Valentin’s
counter-petition on July 16, 2008.  Nevertheless, he has addressed only
no-answer default cases in which appellants had complained of defective service
of process.  Appellant cites Higginbotham v. General Life & Acc. Ins.
Co., 796 S.W.2d 695, 696-97 (Tex. 1990) (addressing service of citation on
domestic insurance companies); Smith, 678 S.W.2d at 918 (addressing variance
in service of citation from the method stated in the citation); and McKanna
v. Edgar, 388 S.W.2d 927, 929-30 (Tex. 1965) (addressing substituted
service on the secretary of state).  

Almendarez’s brief also cites to Texas Rule of Civil
Procedure 124.  Rule 124 states:

In no case shall judgment be rendered against any defendant
unless upon service, or acceptance or waiver of process, or upon an appearance
by the defendant, as prescribed in these rules, except where otherwise provided
by law or these rules.

When a party asserts a counterclaim or a cross-claim
against another party who has entered an appearance, the claim may be served in
any manner prescribed for service of citation or as provided in Rule 21(a).  

Tex. R. Civ. P. 124.  Rule
124 is inapplicable to the facts of this case.  

            Valentin offered
proof of notice through the court coordinator’s affidavit that she had mailed
notice of the re-set trial date and called both attorneys to advise them.  The
affidavit of any person showing service of a notice shall be prima facie evidence
of the fact of service.  See Tex. R. Civ. P. 21a.

            When a case has
been previously set for trial, the trial court may reset the case to a later
date on reasonable notice to the parties, which may be less than 45 days.  Tex.
R. Civ. P. 245; O'Connell v. O'Connell, 843 S.W.2d 212, 215 (Tex. App.—Texarkana
1992, no writ).  Notice may be either actual or constructive.  See Lopez v.
Lopez, 757 S.W.2d 721, 723 (Tex. 1988).  Because Almendarez’s attorney knew
that the case was set for trial for during the two-week docket, he had a duty
to keep in touch with the court to ascertain the start date for trial.  See
Melton v. Ryander, 727 S.W.2d 299, 302 (Tex. App.—Dallas 1987, writ ref'd
n.r.e.).  When an attorney fails to make reasonable inquiries concerning his
pending litigation, he fails to exercise due diligence.  Conrad v. Orellana,
661 S.W.2d 309, 313 (Tex. App.—Corpus Christi 1983, no writ).

            In a post-answer
default judgment, the defaulting party must establish the absence of intent or
conscious indifference in failing to appear at trial by proof that he was not
given notice of the default judgment hearing.  See Mathis v. Lockwood,
166 S.W.3d 743, 744 (Tex. 2005) (per curiam).  If that element is established,
he is not required to set up a meritorious defense.  Id.  Almendarez’s counsel
alleged that he did not receive the notice mailed by the trial court.  His only
support for that assertion was his affidavit attached to the motion for new
trial.  The notices were mailed to each counsel’s address of record, and
Valentin’s counsel provided an affidavit that he received the notice of trial
date.  He asserted that Almendarez’s counsel’s failure to monitor the court’s
website as instructed showed conscious indifference.  Moreover, the court’s
website provided constructive notice of the trial date.  See Lopez, 757
S.W.2d at 723.

            The trial court
serves as fact-finder at a hearing on a motion for a new trial and,
accordingly, is the sole judge of the credibility of a witness.  See Harmon
Truck Lines, Inc. v. Steele, 836 S.W.2d 262, 265 (Tex. App.—Texarkana 1992,
writ dism’d).  Although Almendarez’s counsel argued that he had not received
notice of the setting, it is clear that the trial court did not accept his
position and was confident that notice had been sent.  See Hanners v. State
Bar of Texas, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism’d).

            The appellant
bears the burden of bringing forward a sufficient record to show the trial
court’s error.  See Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex.
1990).  The record does not contain a reporter's record from the hearing on
Almendarez’s motion for new trial.  Without a complete record, we must presume
the missing portions of the record would support the trial court’s decision.  In
re D.A.P., 267 S.W.3d 485, 487 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).  When a record is incomplete (and the rule for a partial record does not
apply, as here), we must presume that the missing portion of the record
supports the factual determinations made by the fact-finder.  Bennett v.
Cochran, 96 S.W.3d 227, 230 (Tex. 2002).  

Because of his briefing deficiencies and incomplete
record, Almendarez has not established that the trial court abused its
discretion in denying his motion for new trial and refusing to set aside the
default judgment against him.  We overrule the sole issue on appeal.

Accordingly, we affirm the judgment of the trial
court.

                                                                        PER
CURIAM

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Boyce.









[1] Almendarez .refers to
October 19, 2009, which was the date for docket call and a pre-trial hearing. 
Almendarez’s counsel was obviously aware of the trial setting because he
appeared to request a continuance on the morning of October 28, 2009.  In
addition, on October 20, 2009, he filed supplemental evidence and motions in
limine and to permit juror note taking in response to the trial preparation
order.  





[2]  Almendarez has cited to
a United States Supreme Court case, Mullana v. Central Hanover Bank &
Trust Co, 339 U.S. 306, 314, 70 S.Ct. 652 (1950), for the proposition that
a fundamental requirement of due process is an opportunity to be heard.  Mullana
is not a default judgment case; it concerned notice to beneficiaries of the
settlement of a trust fund established under New York banking laws.  See id.
at 307.  Almendarez has failed to make a due process argument in the
context of a default judgment and the governing Texas law for setting it
aside.