

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00093-CV

CARL RALPH DAILY, Appellant

V.

PHIL SMITH AND LAW OFFICE OF PHIL SMITH, TEXAS BAR 18664400, Appellee

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV45414

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Carl Ralph Daily appeals the trial court's dismissal of his lawsuit against his former attorney, Phil Smith, and Smith's law office (collectively Smith) pursuant to a Rule 91a motion to dismiss.[1] Daily asserts that the trial court abused its discretion and violated his right to due process in dismissing his lawsuit because he did not receive notice of the Rule 91a motion and the notice of hearing on the motion.[2] Because Daily did not preserve his complaint in the trial court, we affirm the trial court's order granting Smith's Rule 91a motion to dismiss.

## I.     Background

In his pro se petition against Smith, Daily alleged that he had paid Smith $82,238.00 in legal fees to prosecute several lawsuits, but that Smith "never conducted 'any in court action' against" the defendants in those lawsuits. In his petition, Daily listed his email address as dailyc729@gmail.com. After Smith filed an original answer, he filed a Rule 91a motion to dismiss. The certificate of service attached to the Rule 91a motion stated that a copy of the document "was served . . . by e-service in accordance with the TEXAS RULES OF CIVIL PROCEDURE[3] . . . *Via the Court's E-Filing System*"[4] on Daily to email addresses of "CDAILY1210@GMAIL.COM and CRD1210@GMAIL.COM." The "Automated Certificate

---

[1] *See* TEX. R. CIV. P. 91a.

[2] Daily also complains that he did not receive notice of Smith's plea to the jurisdiction and notice of the hearing on the plea. Daily complains only about lack of notice.

[3] *See* TEX. R. CIV. P. 21a(a)(1) ("A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager.").

[4] *See* TEX. R. CIV. P. 21(f)(3) ("Electronic filing must be done through the electronic filing manager established by the Office of Court Administration and an electronic filing service provider certified by the Office of Court Administration.").

of eService" created by the e-filing system indicated that the document was served to "Carl Daily" at the email address of "CRD1210@GMAIL.COM."[5]

On October 16, 2023, Smith filed a notice of hearing that the Rule 91a motion would be heard on November 20, 2023. The certificate of service attached to the notice stated that a copy of the notice was served "via the Court's electronic filing system and e-mail," and the automated certificate of eservice created by the e-filing system indicated that the document was served via email to "Carl Daily" at the email address of "CRD1210@GMAIL.COM." On November 20, the trial court heard the Rule 91a motion, but Daily was not in attendance. After it took judicial notice of its file, "including the notice of hearing, certificate of service, the automated certificate of E-service that shows that Mr. Carl Daily at e-mail CRD1210@GMAIL.COM that that was sent to him on October 16 of" 2023, the trial court granted the Rule 91a motion.[6]

## II. Daily's Complaints Were Not Preserved

On appeal, Daily complains that the trial court abused its discretion and denied his right to due process by hearing and granting Smith's Rule 91a motion. In his brief, Daily asserts that he was not served with the Rule 91a motion or the notice of hearing. However, Daily did not present his complaints to the trial court and did not present any evidence to the trial court showing a lack of service and notice, through any post-trial motion. For this reason, Smith asserts on appeal that Daily did not preserve those complaints for appellate review. We agree.

---

[5]See TEX. R. CIV. P. 21a(b)(3) ("Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.").

[6]The district clerk mailed a notice of the order of dismissal to Daily's home address on November 27, 2023. Daily filed his notices of appeal on December 1 and December 4, 2023.

3

As stated in *In re Marriage of Tyeskie*,

> In order to preserve a complaint for appellate review, the record must reflect that the "complaint was made to the trial court by a timely request, objection, or motion" and that the trial court either "ruled on the request, objection, or motion, either expressly or implicitly," or "refused to rule . . . and the complaining party objected to the refusal."

*In re Marriage of Tyeskie*, 558 S.W.3d 719, 725 (Tex. App.—Texarkana 2018, pet. denied) (quoting TEX. R. APP. P. 33.1(a)). "Even constitutional claims are waived by failure to raise the complaint at trial." *Id.* at 726 (citing *Tex. Dep't of Protective & Regul. Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001)). Claims regarding violation of the right to due process are subject to these preservation rules. *See Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (finding preservation required to assert equal protection and due process complaints); *In re Marriage of Tyeskie*, 558 S.W.3d at 725 (finding preservation is required to raise due process complaint of entry of turnover order without notice).

"Important prudential considerations underscore our rules on preservation. Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds." *In re Marriage of Tyeskie*, 558 S.W.3d at 725–26 (quoting *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)). As a result, "[i]f an issue has not been preserved for appeal, we should not address it on the merits." *Id.* at 26 (quoting *Knoderer v. State Farm Lloyds*, 515 S.W.3d 21, 44 (Tex. App.—Texarkana 2017, pets. denied)).

"Appellate courts presume that trial courts will only hear cases upon proper notice to the parties." *Hildebrand v. Hildebrand*, No. 01-18-00933-CV, 2020 WL 4118023, at *4 (Tex.

4

App.—Houston [1st Dist.] July 21, 2020, no pet.) (mem. op.) (citing *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied)). "To rebut this presumption, an appellant must affirmatively show a lack of notice, which generally requires affidavits or other competent evidence showing that he did not receive proper notice." *Id.* (citing *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.)). To be considered on appeal, such evidence must have been available to the trial court when it rendered its decision. *Id.*

As a result, we, and other Texas courts, have consistently recognized the necessity of preserving complaints regarding deficient notices of dispositive hearings.[7] *See, e.g.*, *Bell v. Citibank (So. Dakota) N.A.*, No. 06-06-00037-CV, 2006 WL 3091361, at *1 (Tex. App.—Texarkana Nov. 2, 2006, no pet.) (mem. op.) (sufficiency of notice of summary judgment hearing must be preserved); *Young v. Bella Palma, LLC*, No. 14-17-00040-CV, 2022 WL 578442, at *6 (Tex. App.—Houston [14th Dist.] Feb. 25, 2022, no pet.) (mem. op.) (citing *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no pet.)) (post-judgment motion required to preserve complaint that party did not receive notice of summary judgment motion or hearing). Several of our sister courts have found that complaints regarding deficient notices of Rule 91a motions and hearings must be preserved in the trial court. *See*

---

[7]Daily cites several cases that he contends support the proposition that "[i]ssues of defective service may be raised for the first time on appeal." *See Wilson v. Dunn*, 800 S.W.2d 833 (Tex. 1990); *Garduza v. Castillo*, No. 05-13-00377-CV, 2014 WL 2921650 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op.); *Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855 (Tex. App.—San Antonio 2002, pet. denied); *Arredondo v. State*, 844 S.W.2d 869 (Tex. App.—Texarkana 1992, no writ). However, three of these cases involved appeals from no-answer default judgments in which strict compliance with the requirements of service of process were not shown. *Wilson*, 800 S.W.2d at 836; *Benefit Planners, L.L.P.*¸ 81 S.W.3d at 857–58; *Arredondo*, 844 S.W.2d at 871. The fourth involved an appeal from a no-answer default judgment in which the defendant was not served with an amended petition that requested more onerous relief. *Garduza*, 2014 WL 2921650, at *2–3. These cases are factually and procedurally distinguishable.

*Quintana v. Holzhaus*, No. 04-23-00599-CV, 2024 WL 1079235, at *3 (Tex. App.—San Antonio Mar. 13, 2024, no pet.) (mem. op.) (complaint that appellant did not receive notice of Rule 91a motion and notice of hearing not preserved when no post-judgment motion filed); *Thomas v. Logic Underwriters, Inc.*, No. 02-16-00376-CV, 2017 WL 5494386, at *5 (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.) (complaint of lack of notice of Rule 91a hearing not preserved when not asserted in written objection, at the hearing, or in a motion for new trial); *Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2017 WL 4899447, at *2 & n.2 (Tex. App.—Austin Oct. 26, 2017, pet. denied) (mem. op.) (same); *Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) (complaint regarding insufficient notice of Rule 91a hearing waived if not asserted at the hearing or in a motion for new trial).

In this case, Daily did not file a motion for new trial, with supporting affidavits or other evidence, asserting that he did not receive the Rule 91a motion or the notice of hearing. As a result, the trial court did not have the opportunity to consider the evidence and correct any alleged error. Because Daily instead proceeded with this appeal, he failed to preserve his complaints and presents nothing for our review. We overrule these issues.

## III.    Conclusion

For the reasons stated, we affirm the trial court's order granting Smith's Rule 91a motion to dismiss.[8]

Scott E. Stevens
Chief Justice

Date Submitted:     May 31, 2024
Date Decided:       June 3, 2024

---

[8]Because this affirmance is dispositive of this appeal, we need not address Daily's remaining issues.