In the Interest of C.T.F., J.E.F., and R.D.F., Children.

No. 06–10–00103–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 8, 2011.

Decided March 9, 2011.

Melvin D. Whitaker, Whitaker & Whitaker, Palestine, for appellant.

Jeffrey L. Coe, Palestine, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

### I. BACKGROUND

In this divorce and child custody case, Tammie Freeman was served with a petition for divorce on March 11, 2010.[1] The petition requested that Mark Freeman, Tammie's husband, be named sole managing conservator of the couple's three children, with Tammie to serve as possessory conservator. Tammie did not respond to the petition for divorce. Thereafter, on July 27, 2010, a petition in intervention was filed by William and Ellene Freeman, the children's paternal grandparents (the Freemans). Tammie was not served with citation and a copy of the petition in intervention. Three days later, the trial court entered a final decree of divorce, reflecting that a final divorce hearing was held on that date. The Freemans were present at the hearing, but neither Tammie nor Mark attended. The trial court awarded joint managing conservatorship of the three children to Mark and the Freemans. The Freemans alone were given "the exclusive right to designate the primary residence of the children." Tammie was named as possessory conservator. The final decree awarded Tammie access to her children only at times mutually agreed to by the Freemans.

On appeal, Tammie contends that because she was neither cited nor served with the petition in intervention, the final decree of divorce is void.

### II. ANALYSIS

The parties disagree with respect to whether (1) the Freemans were required

---

1. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* Tex. R.App. P. 41.3.

to serve Tammie with citation and a copy of the petition in intervention; (2) Tammie waived her complaint regarding lack of service; and (3) that portion of the judgment taken by Mark is valid, even if other portions of the decree are not. Because the Freemans were required to serve Tammie with citation and a copy of their petition in intervention, which complaint was not subject to waiver, we reverse that portion of the decree awarding managing conservatorship of the children to the Freemans.

Because she was not served with citation and a copy of the petition in intervention, Tammie contends the trial court erred in granting a default judgment against her. The record does not reflect such service, and the Freemans do not contend service of the petition and citation in intervention was had. Citing *Baker v. Monsanto Co.*, 111 S.W.3d 158 (Tex.2003), Tammie contends that the Freemans were required to serve her with citation.[2] In *Baker*, the defendant, Monsanto Company, had not been served with citation by any plaintiff when the intervenors attempted to serve Monsanto's counsel. *Id.* at 159. The law firm representing Monsanto expressly stated in a letter that they would not accept service on Monsanto's behalf. Plaintiffs subsequently served citation on Monsanto. Monsanto's counsel filed an answer, but only to "the petitions of those plaintiffs who have served Monsanto." *Id.* The Texas Supreme Court held that Monsanto's subsequent appearance relieved the intervenors of serving Monsanto with a

new citation. In so holding, the Texas Supreme Court quoted approvingly:

> Citation is necessary when the intervenor asks affirmative relief against a defendant who has not appeared or a plaintiff who does not, *by any action subsequent to the intervention*, appear thereon.... 1 McDonald and Carlson, Texas Civil Practice § 5:81 at 609 (1992 ed.) (citations omitted).

*Id.* at 160 (emphasis added); *see also Sw. Constr. Receivables, Ltd.*, 162 S.W.3d at 866 (defendant's actions subsequent to intervention made issuance of new citation unnecessary).

■ Here, Tammie was served with the original petition for divorce, but did not enter an appearance. The petition in intervention sought affirmative relief against Tammie in the form of a request for managing conservatorship of her children, alleging that naming Tammie as a joint managing conservator of the children would not be in their best interests and would "significantly impair the children's physical health or emotional development." Tammie did not enter an appearance after the petition in intervention was filed. Accordingly, the Freemans were required to serve Tammie with citation and a copy of their petition in intervention. This they did not do.

■ The Freemans contend that Tammie failed to preserve any complaint of defective service of the petition in intervention by failing to make a timely request, objection, or motion before the trial court to preserve error for appeal in accor-

---

**2.** Tammie also relies on *In re E.A.*, 287 S.W.3d 1 (Tex.2009), for the proposition that new service is required to proceed to a valid judgment when an amended petition seeking a more onerous judgment or one which adds a new cause of action is filed. Tammie reasons that the filing of a petition in intervention requires no less due process. As aptly pointed out by the Freemans, *E.A.* holds that

a plaintiff who amends his or her petition may serve the defendant by complying with the filing and service requirements of Rules 21 and 21a of the Texas Rules of Civil Procedure without regard to whether the amendment seeks a more onerous judgment. *Id.* at 4; *see also Sw. Constr. Receivables, Ltd. v. Regions Bank*, 162 S.W.3d 859, 865 (Tex.App.-Texarkana 2005, pet. denied).

dance with Rule 33.1 of the Texas Rules of Civil Procedure. In *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex.1990), the Texas Supreme Court held that although the defendant filed a motion for new trial that did not complain of the defective service, he could properly raise the issue on appeal.[3] Defective service can be raised for the first time on appeal. *Id.; see also Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 857–58 (Tex.App.-San Antonio 2002, pet. denied) (holding defective service can be raised for first time on appeal); *Arredondo v. State*, 844 S.W.2d 869, 871 (Tex.App.-Texarkana 1992, no writ) (recognizing "[i]t is well settled that . . . a failure of service can be raised for the first time on appeal").

In spite of this general rule, the Freemans maintain that the issue of service was waived because the trial court had jurisdiction over Tammie. Here, unlike cases in which a trial court never acquired jurisdiction over the defendant, the trial court acquired jurisdiction over Tammie as a result of her default to the original petition for divorce filed and served by Mark. We do not find this distinction to be determinative of the waiver issue. Mark filed a divorce petition; because that petition was properly served, the trial court had authority to enter the final judgment of divorce in accordance with the petition and to decide child custody issues as between Tammie and Mark. The petition in intervention was brought by completely different parties—the Freemans. Moreover, the petition sought relief unique to the Freemans—that they, as grandparents, be awarded managing conservatorship of the children, together with their son Mark. In addition, the petition requested that the Freemans be granted the sole authority to determine the residency of the children. Because Tammie was never served with the petition in intervention, the trial court was without authority to act on the unique issues raised in the petition.

■ Tammie maintains the entire judgment is void based upon a lack of due process in the proceeding to determine the Freemans' managing conservatorship without notice to her. She therefore seeks reversal of the judgment in total. Because the judgment is valid as to all issues between Mark and Tammie, including conservatorship of the children as between those parties only, we decline to reverse the entire judgment. Rule 44.1(b) of the Texas Rules of Appellate Procedure allows us to reverse only that portion of the judgment awarding managing conservatorship to the Freemans. *See* TEX.R.APP. P. 44.1(b).[4]

## III. CONCLUSION

For the reasons stated above, we hold the trial court was without authority to act on the Freemans' petition in intervention in the absence of service of process on Tammie. Accordingly, we reverse that portion of the trial court's judgment and remand this cause to the trial court for

---

3. Rule 324 of the Texas Rules of Civil Procedure—addressing prerequisites of appeal—does not require that a motion for new trial raise issues of defective service of process for preservation of error. *Wilson*, 800 S.W.2d at 837.

4. This Rule provides:
   (b) *Error Affecting Only Part of Case.* If the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. The court may not order a separate trial solely on unliquidated damages if liability is contested.
   TEX.R.APP. P. 44.1(b).

further proceedings. We affirm the judgment in all other respects.