# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00597-CV

**Lee Hoffpauir, Inc., Appellant**

**v.**

**Kenneth Kretz and Elayne Kretz, Appellees**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
## NO. 40,811, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## O P I N I O N

Lee Hoffpauir, Inc. (Hoffpauir Inc.) appeals an order denying its motion for new trial challenging a no-answer default judgment in favor of appellees Kenneth and Elayne Kretz. We will reverse the district court's judgment and remand for further proceedings.

## BACKGROUND

The underlying dispute concerns a "fifth-wheel" travel trailer (essentially a type of large camper or RV) owned by the Kretzes. In 2011, the rear axle of the Kretzes' vehicle caught fire and they sought repairs at a Burnet automotive service facility operated by Hoffpauir Inc. The Kretzes later sued Hoffpauir Inc. alleging that the repairs had taken eight months to complete and had been "performed shoddily." Making matters worse, according to the Kretzes, Hoffpauir Inc. personnel had not properly cared for the vehicle in the interim, causing "significant mold, mildew, and warping to the hand-milled woods" in the vehicle's interior, rendering it "virtually unusable." Based on these allegations, the Kretzes sought recovery of actual damages under theories of

negligence, breach of contract, and DTPA violations; treble damages under the DTPA; and attorney's fees.

The ensuing trial-level proceedings turned out to have little to do with the merits of the Kretzes' claims and instead centered on whether Hoffpauir Inc. was entitled to a day in court to defend against them. Upon filing suit, the Kretzes attempted to serve Hoffpauir Inc. with process through its registered agent, Lee Hoffpauir,[1] via registered or certified mail, return receipt requested.[2] The return of service and attached "green card"[3] collectively reflect that an agent of the District Clerk mailed the process to Mr. Hoffpauir by registered or certified mail, return receipt requested, "with delivery restricted to addressee only," and that the green card was returned bearing the name and signature of an "Alice Bird." Although Ms. Bird did not so indicate on the green card, it is undisputed that she is the office manager for Hoffpauir Inc., but what is significant for this appeal is that she, not Mr. Hoffpauir, signed the card. Following Bird's receipt of process, Hoffpauir Inc. did not file an answer, and the Kretzes eventually moved for default judgment. After a trial on damages, the district court rendered final judgment awarding the Kretzes over $500,000 in damages,[4] plus about $7,000 in attorney's fees. Thereafter, Hoffpauir Inc. timely filed a motion for new trial

---

[1] *See* Tex. Bus. Orgs. Code §§ 5.201 (requiring corporations to designate and maintain registered agent within the state "on whom may be served any process, notice, or demand required or permitted by law to be served on the entity"), .255(1) (corporate president and vice presidents deemed registered agents "[f]or the purpose of service of process, notice, or demand").

[2] *See* Tex. R. Civ. P. 106(a)(2) (authorizing service of citation and petition via registered or certified mail, return receipt requested).

[3] *See id*. R. 107.

[4] Specifically, $50,000 for "diminution in value" of the vehicle; $106,808 for "loss of use"; $14,250 for "economic damages incurred due to the loss of use"; and $342,106 (approximately two times the total of the preceding amounts) representing "multiple damages per the DTPA."

with affidavits intended to establish the *Craddock* elements,[5] but did not complain of defective service. Without holding a hearing, the district court denied the motion by written order, and it is from this order that Hoffpauir Inc. now appeals.

## ANALYSIS

Hoffpauir Inc. brings three issues on appeal, arguing that (1) the district court lacked personal jurisdiction over it because the Kretzes failed to serve it through its registered agent; (2) the evidence conclusively established the *Craddock* elements; (3) alternatively, the evidence presented at the damages trial was legally and factually insufficient to support the judgment award. It places primary emphasis on the first issue, and we agree with Hoffpauir Inc. that this contention is meritorious and singularly dispositive.

Hoffpauir Inc. argues that service was defective in several respects, including a critical failure ever to serve its registered agent, Mr. Hoffpauir.[6] The Kretzes do not dispute these assertions but urge that Hoffpauir Inc. waived this basis for challenging the judgment by not asserting it in its motion for new trial. They acknowledge that in *Wilson v. Dunn*, the Texas Supreme Court held that a defendant could raise the issue of defective service for the first time on appeal.[7] However, they insist that this holding of *Wilson*, which was decided in 1990, has since been

---

[5] *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

[6] In this regard, there is no evidence that Mr. Hoffpauir ever actually received the citation and petition from Ms. Bird, and even if he had, "[r]eceiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them." *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 n.1 (Tex. 2006) (per curiam) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

[7] 800 S.W.2d at 837.

3

abrogated by intervening rule revisions made through the supreme court's 1997 promulgation of the current Texas Rules of Appellate Procedure.

Wilson involved a no-answer default judgment taken against a defendant who had been served through substituted service and who had actually received the citation and suit papers, but the substituted service had not been obtained in compliance with Texas Rule of Civil Procedure 106(b).[8] As in the present case, the defendant (Dunn) filed a motion for new trial that did not complain about defective service but raised the issue on appeal.[9] The Texas Supreme Court held that defective service required reversal of the default judgment, observing that "[f]or well over a century the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict conformity with applicable requirements."[10] Nor did Dunn's actual notice of the citation and petition change the analysis, the supreme court added, because "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him" because "jurisdiction is [instead] dependent upon citation issued and served in a manner provided for by law."[11] Having disposed of these contentions, the supreme court turned to the issue of whether Dunn had been required to preserve his defective-service complaint by raising it in his motion for new trial. The entirety of the court's analysis of that question consisted of the following observation: "Rule 324"—the rule of civil procedure providing that a new trial motion is required to preserve for

---

[8] See id. at 833-36.

[9] See id. at 835.

[10] Id. at 836.

[11] Id. at 836-37.

4

appeal certain complaints related to factual insufficiency of the evidence or "[a] complaint on which evidence must be heard"[12]—"imposes no such requirement for preservation of such error."[13]

The Kretzes acknowledge that the same is true of Rule 324 today—it still does not include complaints about defective service among the issues that must be preserved for appeal through a new trial motion.[14] Their focus instead is on a footnote to the supreme court's preservation holding in *Wilson* that offered the following observations concerning the interplay of Rule 324's preservation requirement with then-applicable rules of appellate procedure:

> Rule 324 states that no complaints other than those specified in the rule need be raised in a motion for new trial as a prerequisite to appeal. The rule was amended in 1978 and 1981 to limit the use of motions for new trial to preserve error. However, Texas Rule of Appellate Procedure 52(a) provides that a complaint is not preserved for appellate review unless it is presented to the trial court and a ruling obtained. This rule serves the salient purpose of requiring that all complaints to be urged on appeal first be presented to the trial court so that any error can be corrected without appeal, if possible. How Rule 52(a) applies to complaints which cannot be raised prior to judgment but are not specifically required by Rule 324 to be raised in a motion for new trial, is unclear. On the one hand, if Rule 52(a) required that such complaints be raised by some means tantamount to a motion for new trial but simply not called by that name, then Rule 324 would be deceptive and its policy impaired. On the other hand, if Rule 52(a) does not apply to such complaints, then its language is overly broad and its policy undermined. These problems should be considered in future amendments to the rules.[15]

The appellate rule referenced by the *Wilson* court, subpart (a) of the now-former Rule 52, stated the "general rule" that "[i]n order to preserve a complaint for appellate review, a party must have

---

[12] Tex. R. Civ. P. 324.

[13] *Wilson*, 800 S.W.2d at 837.

[14] Tex. R. Civ. P. 324.

[15] *Wilson*, 800 S.W.2d at 837 n.9.

presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context."[16] While the substance of former Rule 52's "general rule" of error preservation has been carried into the current Tex. R. App. P. 33.1,[17] the Kretzes reason that Rule 33.1 changed other provisions within former Rule 52 in a manner reflecting the supreme court's resolution of the issue raised in the *Wilson* footnote in favor of requiring parties to preserve by post-judgment motion any complaints they could not raise prior to that time. They point to three differences between the former and current rule: (1) while subpart (d) of former Rule 52 provided, in relevant part, that "[a] point in a motion for new trial is a prerequisite to appellate complaints in those instances provided in paragraph (b) of Rule 324 of the Texas Rules of Civil Procedure,"[18] there is no such provision in current Rule 33.1; (2) subpart (b) of Rule 33.1 contains a proviso stating that "[i]n a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion . . . .";[19] and (3) Rule 33.1(d) specifies that complaints regarding the sufficiency of evidence in a bench trial "may be made for the first time on appeal,"[20] which, the Kretzes reason, confirms by negative implication that other types of complaints may not be preserved that way.

---

[16] *See* Tex R. App. P. 52(a), 49 Tex. B.J. 573 (Tex. 1986, superseded 1997).

[17] *Id*. R. 33.1(a).

[18] *See id.* R. 52(d), 49 Tex. B.J. 573 (Tex. 1986, superseded 1997).

[19] *Id*. R. 33.1(b).

[20] *Id*. R. 33.1(d).

As the Kretzes further emphasize, this Court previously agreed in *Elite Towing* that these changes to the TRAPs "directly address the supreme court's concern expressed in *Wilson*," so as to require that parties who are unable to preserve error prior to judgment must do so through a post-judgment motion.[21] However, in suggesting that these changes completely abrogate *Wilson*'s specific holding that a defective-service complaint may be raised for the first time on appeal, the Kretzes carry the argument too far. The reason this is so is apparent from a careful reading of *Wilson* and the analysis that precedes the supreme court's brief disposition of the preservation issue—failure to lawfully serve a defendant means that the trial court lacks personal jurisdiction over him or her,[22] and a complete failure to serve a defendant renders a judgment vulnerable to challenge at any time.[23] *Elite Towing* holds nothing to the contrary—our discussion of preservation concerned an appellate challenge to an attorney's fee award, not an issue of personal jurisdiction.[24]

We conclude that the current Texas Rules of Appellate Procedure have not abrogated *Wilson*'s holding that a defendant may raise a defective-service complaint for the first time on appeal, and certainly not where, as here, the plaintiff failed to serve the defendant altogether. In this regard, we note that the Fort Worth Court of Appeals relied on similar reasoning in rejecting the same argument concerning the effect of Rule 33.1 on *Wilson* and holding that a defective-service

---

[21] *Elite Towing, Inc. v. LSI Fin. Grp.*, 985 S.W.2d 635, 644 (Tex. App.—Austin 1999, no pet.).

[22] *Wilson*, 800 S.W.2d at 836.

[23] *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271-75 (Tex. 2012).

[24] *Elite Towing*, 985 S.W.2d at 644.

complaint could be raised for the first time on appeal[25] and that our other sister courts have uniformly understood that *Wilson* remains viable in the context of a defective-service complaint.[26] We are unpersuaded that we should be the first Texas court to say otherwise, and especially not under the circumstances presented here.

Accordingly, we conclude that Hoffpauir Inc. has preserved its defective-service complaint for our review. The merits of that complaint are uncontested (and appropriately so), so we sustain Hoffpauir Inc.'s first issue. As this holding establishes Hoffpauir Inc.'s entitlement to the entirety of the appellate relief it seeks, we do not reach its second and third issues.[27] We reverse the district court's judgment and remand for further proceedings.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Reversed and Remanded

Filed:   May 6, 2014

_____

[25] *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 725-26 (Tex. App.—Fort Worth 2003, no pet.).

[26] *See, e.g.*, *Robb v. Horizon Cmtys. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 590 (Tex. App.—El Paso 2013, no pet.); *In re C.T.F.*, 336 S.W.3d 385, 387-88 (Tex. App.—Texarkana 2011, no pet.); *Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.—San Antonio 2002, pet. denied); *see also Adame v. Palisades Collection, L.L.C.*, No. 05-11-00793-CV, 2012 WL 2564717, at *1 (Tex. App.—Dallas July 3, 2012, no pet.) (mem. op.); *Houston Precast, Inc. v. McAllen Constr.*, No. 13-07-00135-CV, 2008 WL 4352636, at *1 (Tex. App.—Corpus Christi Sept. 25, 2008, no pet.) (mem. op.).

[27] *See* Tex. R. App. P. 47.1.