# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00286-CV

---

In the Guardianship of Nathan Daniel Stewart,
an Incapacitated Person

---

On appeal from the
County Court of Coryell County, Texas
Retired Judge Frank Griffin, presiding
Trial Court Cause No. 24-408

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

In four issues, Barbra Klecka (Mother) appeals from the trial court's order appointing David Stewart (Father) as the permanent guardian of the person of their adult son Nathan Daniel Stewart (Nathan). We will sustain Mother's first issue, vacate the trial court's order, and remand this cause to the trial court for further proceedings consistent with this opinion.

## Background

On January 2, 2024, Father filed an application for appointment as permanent guardian of Nathan's person. Father requested that citation issue for the guardianship application to be served on both Nathan and Mother.

Mother was personally served with citation along with Father's guardianship application. On January 12, 2024, Mother filed a *pro se* answer generally denying the allegations in Father's guardianship application. On January 18, 2024, Mother further filed, through counsel, an objection to Father's guardianship application, asserting that Nathan was not incapacitated and that, even if Nathan needed a guardian, Nathan would object to Father being appointed as his guardian.

A citation also issued in Nathan's name, but the officer's return of service states that "David Stewart" was personally served with Father's guardianship application and citation, not Nathan. Nevertheless, Father had filed a motion seeking appointment of an attorney ad litem for Nathan, and the trial court appointed an attorney ad litem for Nathan on January 19, 2024. On January 29, 2024, the attorney ad litem filed an answer on Nathan's behalf.

The final hearing began on June 3, 2024. Nathan's attorney ad litem appeared on Nathan's behalf. At the end of the day, the trial court recessed the proceedings and continued the hearing to July 12, 2024.

On July 1, 2024, Mother filed her own application for appointment as guardian of Nathan's person and estate. The officer's return of service states that Nathan was personally served with citation along with Mother's guardianship application on July 10, 2024. The final hearing then concluded on July 12, 2024. Nathan's attorney ad litem again appeared on Nathan's

behalf and the record before us does not reflect Nathan was present in court during either session of the final hearing.

The trial court subsequently communicated to the attorneys via email that it found from the evidence that Nathan "is not competent and that a guardian must be appointed over his person." The trial court stated, however, that the appointment of a guardian of Nathan's estate was unnecessary at that time. The trial court then explained that it believed that it was in Nathan's best interest that he maintain "significant contact" with both Mother and Father. The trial court therefore stated that, before making a determination on the guardian to be appointed, it was ordering Father, Mother, their attorneys, and the attorney ad litem to confer and determine if an agreement could be reached to establish a co-guardianship.

Father and Mother were unable to reach an agreement, and, on July 29, 2024, Mother filed a handwritten statement of preference by Nathan, dated July 25, 2024, naming Mother as the person whom he wanted to be his guardian. On August 14, 2024, the trial court, however, signed its final order appointing Father as permanent guardian of Nathan's person. This appeal ensued.

## Discussion

In her first issue, Mother contends that the trial court did not acquire personal jurisdiction over Nathan with regard to Father's guardianship

application because Nathan was never personally served with such guardianship application. Mother argues that the order appointing Father as permanent guardian of Nathan's person is therefore void.

"To issue a valid and binding judgment or order, a court must have both subject-matter jurisdiction over a case and personal jurisdiction over the party it purports to bind." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022) (citing *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 7–8 (Tex. 2021)).

> [P]ersonal jurisdiction concerns the court's power to bind a particular person or party to a judgment. *Luciano*, 625 S.W.3d at 8. Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court, and (2) the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985)[ (per curiam)]. Establishing personal jurisdiction over a party requires "citation issued and served in a manner provided for by law." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

*Guardianship of Fairley*, 650 S.W.3d at 379–80.

"Chapter 1051 of the Estates Code governs the issuance of notice and service of citation in guardianship proceedings." *Id.* at 382. Section 1051.103, titled "Service of Citation for Application for Guardianship," provides in pertinent part:

> (a) The sheriff or other officer shall personally serve citation to appear and answer an application for guardianship on:

(1)  a proposed ward who is 12 years of age or older . . . .

TEX. EST. CODE ANN. § 1051.103(a)(1).  Section 1051.103 therefore required personal service of citation for an application for guardianship on Nathan because he was a proposed ward older than twelve.  *See id.*

The record indicates that Nathan was not personally served with Father's guardianship application.  Father appears to acknowledge as much in his brief.  Father nevertheless argues that valid service occurred because Nathan was personally served with *Mother's* guardianship application before the trial court signed any judgment or order appointing guardian.

But Mother and Father are different parties, and their guardianship applications seek different relief.  Accordingly, Nathan should have been personally served with Father's guardianship application, in addition to Mother's guardianship application, under section 1051.103(a).  *See id.*; *cf. In re C.T.F.,* 336 S.W.3d 385, 387–88 (Tex. App.—Texarkana 2011, no pet.) (holding trial court was without authority to act on intervenors' petition for intervention in absence of service of process on defendant even though plaintiff's petition for divorce had been properly served on defendant).

Father argues that, even so, we should apply *In re Guardianship of Fairley* and conclude that "the defective service, together with representation by the [attorney] ad litem was sufficient to bring Nathan within the trial court's jurisdiction."  We disagree.

We agree that "unlike challenges to subject-matter jurisdiction, objections to personal jurisdiction *generally* can be waived, and a party may consent to the personal jurisdiction of a court." *Guardianship of Fairley*, 650 S.W.3d at 380 (citing *In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014)) (emphasis added). However, chapter 1051 of the Estates Code indicates that a proposed ward cannot waive personal service. *See* TEX. EST. CODE ANN. § 1051.105 ("A person *other than the proposed ward* . . . may, by writing filed with the clerk, waive the receipt of notice or the issuance and personal service of citation either in person or through an attorney ad litem.") (emphasis added); *see also In re Martinez*, No. 04-07-00558-CV, 2008 WL 227987, at *1 (Tex. App.—San Antonio Jan. 30, 2008, orig. proceeding) (mem. op.); *In re Guardianship of Erickson*, 208 S.W.3d 737, 742–43 (Tex. App.—Texarkana 2006, no pet.) ("The Probate Code implies that a proposed ward may not waive jurisdictional procedures."). Furthermore, "an attorney ad litem may not waive personal service of citation" for the proposed ward. TEX. EST. CODE ANN. § 1051.055(e); *see Guardianship of Fairley*, 650 S.W.3d at 387. Accordingly, failure to personally serve an application for guardianship on a proposed ward deprives the court of jurisdiction. *Gauci v. Gauci*, 471 S.W.3d 899, 901–02 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see Martinez*, 2008 WL 227987, at *1–2.

In *Guardianship of Fairley*, the Texas Supreme Court nevertheless did conclude that a trial court properly exercised personal jurisdiction over the proposed ward despite

> technical defects in service . . . because it [was] undisputed that [the proposed ward] was personally served with the applications for guardianship, [the proposed ward] entered a general appearance and participated in the proceedings through his attorney ad litem, and [the petitioner] failed to establish that any deficiency with respect to the method of personal service rose to the level of a violation of due process.

650 S.W.3d at 390. The supreme court reasoned that while an attorney ad litem cannot waive service altogether, section 1051.055(e) does not "prohibit a general appearance and waiver of technical service defects when the proposed ward has been served and has opted through his attorney to submit to the court's jurisdiction." *Id.* at 388.

But here, Nathan was never personally served with one of the parties' guardianship applications, *i.e.*, his Father's guardianship application. *Cf. id.* at 387–88 ("[I]t is undisputed that [the proposed ward] was personally served with both applications for guardianship."). Accordingly, the complaint in this case is not about a technical defect in service but about a lack of service altogether. *See id.*

We conclude that because Nathan was not personally served with citation of Father's guardianship application before the trial court entered its order appointing Father as guardian, the trial court lacked personal

jurisdiction over Nathan to enter such an order. *See Gauci*, 471 S.W.3d at 901–02; *see Martinez*, 2008 WL 227987, at *1–2. Furthermore, because the trial court lacked personal jurisdiction over Nathan, the order appointing Father as guardian is void. *See Gauci*, 471 S.W.3d at 902–03; *see Martinez*, 2008 WL 227987, at *2.

We sustain Mother's first issue, and because our determination of Mother's first issue is dispositive of this appeal, we need not reach her second, third, and fourth issues.

## Conclusion

In light of the foregoing, we vacate the trial court's order appointing Father as the permanent guardian of Nathan's person and remand this cause to the trial court for further proceedings consistent with this opinion.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  June 25, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Vacated and remanded
CV06

